UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Edward Verdejo

_____

Write the full name of each plaintiff.

-against-

1199 SEIU 498 7th Ave
New York, NY 10018

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

25 cv 8367

(Include case number if one has been
assigned)

Do you want a jury trial?
☑ Yes    ☐ No

2025 OCT -8 PM 3:38
RECEIVED
SDNY PRO SE OFFICE

EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

Rev. 1/24/19

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Edward _____ Verdejo _____

First Name             Middle Initial      Last Name

1501 Commonwealth Ave _____

Street Address

Bronx _____ N.y _____ 10460 _____

County, City                State                Zip Code

917-383-5050 _____ EdwardVerdejo @ yahoo.com

Telephone Number                Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    Levy Ratner, PC _____

Name

80 8th Ave, 8th Floor _____

Address where defendant may be served

New York          N.y          10011

County, City                State          Zip Code

Defendant 2:    Cecilia    Charles-James _____

Name

498 7th Ave _____

Address where defendant may be served

New York          N.y          10018

County, City                State          Zip Code

Defendant 3:

_____

Name

_____

Address where defendant may be served

_____

County, City                          State                          Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____*NYP*_____

Name

_____*622 W. 168th St*_____

Address

_____*N.Y*_____*N.Y*_____*10032*_____

County, City                          State                          Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐  **Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17,** for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race:  _____

☐  color:  _____

☐  religion:  _____

☑  sex:  _____

☐  national origin:  _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☑ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☑ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☐ · retaliated against me

☑  harassed me or created a hostile work environment

☐  other (specify): "fag" "T" These are the names they call me

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    _____

When did you receive the Notice?    _____

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here):

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 10-8-25 | |
| Dated | Plaintiff's Signature |
| Edward | Verdejo |
| First Name          Middle Initial | Last Name |
| 1501  Commonwealth  Ave | |
| Street Address | |
| Bronx          N.Y          10460 | |
| County, City          State          Zip Code | |
| 917-383-5050          EdwardVerdejr @ yahoo. com | |
| Telephone Number          Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/22/2025

**To:** Edward Verdejo
1501 Commomwealth Ave
Bronx, NY 10460
Charge No: 520-2025-02419

EEOC Representative and email:    ANDREA REDDY
INVESTIGATOR
ANDREA.REDDY@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-02419

On behalf of the Commission,

Digitally Signed By:Arlean Nieto
08/22/2025
Arlean Nieto
Acting District Director

**Cc:**
NA NA
1199 SEIU
498 7TH AVE FL 5
NEW YORK, NY 10018

Laureve Blackstone
Levy Ratner, PC
Levy Ratner, P.C. 80 8th Ave., 8th Floor
New York, NY 10011

Cecilia Charles-James
498 7th Ave
New York, NY 10018

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-02419 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-02419 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Edward Verdejo,**
Plaintiff,

v.

**1199 SEIU United Healthcare Workers East,**
Defendant.

Case No. _____ (to be assigned by Clerk)

**Jurisdiction and Venue**
1. This Court has jurisdiction over this matter under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.), the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and all other applicable federal statutes.
2. Venue is proper in the Southern District of New York because the acts complained of occurred in this District, and the Defendant conducts business in this District.
3. Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission dated August 22, 2025, and is filing this Complaint within 90 days of receipt.

**Parties**
Plaintiff:
Edward Verdejo
1501 Commonwealth Ave
Bronx, NY 10460

Defendant:
1199 SEIU United Healthcare Workers East
498 7th Avenue
New York, NY 10018

**Statement of Facts**
1. Plaintiff was employed by Defendant as a member and delegate of 1199 SEIU.
2. During his service, Plaintiff fulfilled his responsibilities in a professional and satisfactory manner.
3. Beginning on or about [insert date], Plaintiff was subjected to discrimination and retaliation for engaging in protected activity.
4. Plaintiff raised concerns about unfair treatment, harassment, and violations of rights to union representatives and leadership, but no corrective action was taken.
5. Instead, Plaintiff was subjected to retaliation, including intimidation, harassment, and threats to his safety and employment.
6. The discriminatory and retaliatory conduct caused Plaintiff emotional distress, loss of income, and harm to his professional reputation.

**Legal Claims**
Count I – Discrimination (Title VII)

Defendant discriminated against Plaintiff in violation of Title VII.

Count II – Retaliation (Title VII / ADA / ADEA)
Defendant retaliated against Plaintiff for engaging in protected activity, including reporting discrimination.

Count III – [Other Claims, if applicable]
(For example: Disability discrimination under the ADA, Age discrimination under the ADEA, Equal Pay Act claim, etc.)

**Relief Requested**
Plaintiff respectfully requests that the Court grant the following relief:
1. A declaration that Defendant violated Plaintiff's rights under federal law.
2. Reinstatement to Plaintiff's former position, or front pay in lieu of reinstatement.
3. Back pay and lost wages.
4. Compensatory damages for emotional distress.
5. Punitive damages to deter future discrimination.
6. Reasonable attorney's fees and costs.
7. Any other relief the Court deems just and proper.

**Signature and Date**

Respectfully submitted,

_____

Edward Verdejo
1501 Commonwealth Ave
Bronx, NY 10460
Cell: 917-383-5050
Email: Edward Verdejo

Date: _____

EEOC No. 520-2025-02419 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 520-2025-02419 |
| New York State Division Of Human Rights | |

Name (indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.): Edward Verdejo

Phone No.:        (917) 383-5050

Year of Birth:      1984

Mailing Address: 1501 Commomwealth Ave

Bronx, NY 10460

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: 1199 SEIU

No. Employees, Members: 501+ Employees

Phone No.:

Mailing Address: 498 7TH AVE FL 5

NEW YORK, NY 10018, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 12/17/2024

Latest: 12/17/2024

THE PARTICULARS ARE:

My name is Edward Verdejo and I have been a member of 1199 SEIU since I began working for NY Presbyterian Hospital in approximately 2016. I was recently elected as a Delegate in June 2025.

In December 2024, I became aware of a group chat among union members in which individuals were referring to me as "faggot" and sending photos of me without my permission. Specifically, Michael Ashby and Madeline Bovain were making statements, taking photos of me without permission, and Michael was also sharing my social media posts without permission.

I reported this to the labor relations board, and they informed me they would investigate the claim, but a determination has not yet been made.

I believe I was discriminated against based on my sex, male, and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

---

EEOC Form 5 (06/24)                                                                    Page 1 of 3

EEOC No. 520-2025-02419 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Edward Verdejo
06/12/2025
_____
Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____
Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name _____

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.





# Levy Ratner

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, NY 10011-7175
o  212.627.8100
f  212.627.8182
levyratner.com

*Attorneys*
—
Daniel J. Ratner
Pamela Jeffrey
Carl J. Levine*
David Slutsky*
Allyson L. Belovin

Dana E. Lossia◦
Micah Wissinger
Ryan J. Barbur
Laureve D. Blackstone*
Kimberly A. Lehmann*

Aleksandr L. Felstiner●
Jessica I. Apter*
Maceo C. Torres-Trujillo
Alexis S. Boyd
Nikita J. Rumsey
Natalie A. Grieco

*Of Counsel*
—
Patricia McConnell
Linda E. Rodd

*Special Counsel*
—
Richard A. Levy
Daniel Engelstein
Richard Dorn

July 21, 2025

**BY ELECTRONIC FILING**

U.S. Equal Employment Opportunity
 Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

> Re:  **1199SEIU United Healthcare Workers East & Edward Verdejo**
> **EEOC No. 520-2025-02419**

Dear Sir or Madam:

This firm represents 1199SEIU United Healthcare Workers East ("1199" or "Union") in the above-referenced charge filed by Edward Verdejo.  Verdejo is a member of the bargaining unit of employees represented by 1199 at NY Presbyterian Hospital ("Hospital" or "Employer"). The Charge alleges that 1199 discriminated against Verdejo on the basis of sex and sexual orientation in violation of Title VII of the Civil Rights Act of 1964.  As discussed more fully below, the Union has not discriminated against the Charging Party or violated Title VII, or any other law, and the charge should be dismissed with a finding of no probable cause.

## THE CHARGE

The Charge alleges that Verdejo has been a member of 1199 since be began working for the Hospital in approximately 2016 and was elected as a Union delegate in June 2025.  It further alleges that, in December 2024, he because aware of a group chat among Union members in which individuals were referring to him as "faggot" and sending photos of him without his permission.  Verdejo mentions Michael Ashby and Madeline Bovain as individuals who were allegedly making statements, taking photos without permission, and sharing social media posts without permission.  Based on this conduct, Verdejo alleges that he was discriminated against in violation of Title VII.

1-000-00850: 11549606

*Advancing the rights of*

# Levy
# Ratner

U.S. Equal Employment Opportunity Commission
July 21, 2025
Page 2

## FACTUAL BACKGROUND

Verdejo has worked at the Hospital since approximately 2016. In or around 2018, he was first elected as a Union delegate. During the 2022 internal Union Officers' Election, Verdejo ran for a position as elected Union organizer, but was not elected. Verdejo's challenges to the results of the 2022 Election were dismissed. In 2022, however, Verdejo was re-elected as a Union delegate in the nursing department and served in that capacity until he changed positions to an Emergency Room Technician sometime later. In May 2025, Verdejo ran and was elected as a delegate again for the Emergency Department.

In December 2024, Verdejo complained to the Union about two text exchanges he became aware of from August 2022 (two years prior). See Ex. A attached hereto. Although Verdejo was not named in either text exchange, he alleged that they deeply concerned him. The first text exchange was between Union organizers in which one organizer makes a statement about someone in blue scrubs and refers to them as a "fag." The second text exchange between the same Union organizers shows a photo of the back of a car and no individuals visible. Verdejo alleged that he was visible in the second text exchange and that the derogatory language towards the gay community used was unacceptable. Verdejo did not allege, however, that the derogatory language was used in reference to him, and neither text exchange refers to him. To the Union's knowledge, Verdejo has not made any other complaints.

## ARGUMENT

### The Charge is Untimely and Should be Dismissed on that Basis Alone

A charge of discrimination must be filed with 180 calendar days from the day the discrimination took place, but that deadline is extended to 300 calendar days if a state or local agency enforces a law that prohibits discrimination on the same basis. See https://www.eeoc.gov/time-limits-filing-charge. Here, there is a state agency, so Verdejo's charge must have been filed within 300 days of the alleged discriminatory act.

In this case, Verdejo filed a charge on June 12, 2025 and alleges conduct that took place on December 17, 2024, but the conduct alleged actually happened long before December 2024 (in fact, two years before). The two text messages of which Verdejo complains were dated August 6, 2022. A charge alleging discrimination on the basis of these text messages would have had to be filed by June 2, 2023. The date of Verdejo's alleged discovery of these text message is irrelevant. As Verdejo only alleges conduct on the basis of these messages only, and his charge was not filed until June 2025, it is untimely and should be dismissed on this basis alone.

# Levy
# Ratner

U.S. Equal Employment Opportunity Commission
July 21, 2025
Page 3

### The Charging Party Has Not Alleged Facts Which Give Rise to a Claim of Discrimination As He Fails to Allege that He was Subjected to Any Adverse Action

A prima facie claim of discrimination under Title VII of the Civil Rights Act of 1964 requires that the charging party show that he is (1) a member of a protected group (2) who was subjected to an adverse action; and (3) the action occurred under circumstances giving rise to an inference of discrimination.

Verdejo does not allege he has been discriminated against for being male. He appears to be alleging that he was discriminated against for being gay, however, he does not actually allege that he is gay or a member of any protected group. For the sake of argument, we will presume he is gay.

Verdejo has not alleged that he has been subjected to any adverse action as a Union member that would have given rise to an inference of discrimination. In fact, to the contrary, Verdejo concedes that he was elected to a leadership position as a Union delegate in June 2025 (and was previously elected as a delegate in 2022). Because Verdejo has not alleged any adverse action, he has not alleged facts which would give rise to a claim of discrimination. Even if the charge was deemed timely, he charge should also be dismissed because it fails to allege a claim of discrimination.

### One Stray Remark Does Not Constitute Action Which Occurred Under Circumstances Giving Rise to an Inference of Discrimination

Even if Verdejo's charge was timely, no action has occurred under circumstances which can plausibly be said to give rise to an inference of discrimination. As an initial matter, the first text message exchange from 2022 using the word "fag" does not identify the individual to whom the exchange refers. Even if the exchange referred to Verdejo, one stray remark, without more and without any associated adverse action, by individuals who are not decisionmakers, does not create any inference of discrimination. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001).

1-000-00850: 11549606

# Levy
# Ratner

U.S. Equal Employment Opportunity Commission
July 21, 2025
Page 4

## CONCLUSION

For all of the reasons discussed above, the Union has not discriminated against the Charging Party, nor violated Title VII or the NYS Human Rights Law, and the charges should be dismissed with findings of no probable cause.

Respectfully submitted,
*/s Laureve Blackstone*
Laureve Blackstone

1-000-00850: 11549606

# EXHIBIT A





**Edward Verdejo**
To: ANDREA REDDY >

8:07 PM

# In regards to the response of the lawyers of 1199

Hi Andrea,

I have reviewed the response from 1199's lawyers and observed that they did not mention my witness, who is a former employee of theirs that provided me with evidence and is prepared to testify that the group chat concerned me.

While Sylvia Miller served as Secretary of the Treasury, I filed a complaint via email, which she acknowledged and requested that I permit her and the HR partner to handle the issue.

Best,
Edward Verdejo

**8:53** ☾   .ıll 🤏 **80**

< **Jazzmin Wilson** >  ☐📹

I'm going on break at 4:45p

I'll try you back at 4:45p

I meant to ask you, are you still willing to testify how they was talking about me on this group chat?

Of course

I got you



Thanks

Mon, Feb 3 at 10:48 AM



**9:12**

< 21        **13 Messages**        ∧   ∨

From: **Edward Verdejo** >
To: milly.silva@1199.org >
Cc: georgeg@1199.org >
veronica.turner-bigg@1199.org >
jacquelineA@1199.org >
Bcc: jazzminwilson@yahoo.com >
December 17, 2024 at 11:23 AM

## Disturbing behaviors from 1199 staff

Good Morning all.

I am writing to express my deep concern and distress regarding a group text between Michael Ashby, Madeline, and Ray Wilson, which included a picture of myself. The language used in these messages is unprofessional, disrespectful, and constitutes a personal attack on my character. Moreover, the fact that the vice president took secret pictures of me is a clear invasion of my privacy and is intimidating. The use of derogatory language towards the gay community is unacceptable and creates a hostile work environment. As a result, I fear for my safety, worried that my picture will be shared with strangers, and feel like these union officers are plotting





picture will be shared with strangers, and feel like these union officers are plotting against me. Madeline's suggestion to investigate me further implies an overreach of authority, suggesting she and the others are my supervisors or managers. I am concerned about my whereabouts with these union staff, who are supposed to work for us, not against us. This harassment makes me feel unsafe at work, knowing these people are out to get me. The language used is insulting, and I previously sent emails and filed a security report about the harassment, but nothing was done. If these pictures and messages are not taken seriously, I will need to take further action.





In Solitary,

Edward Verdejo
Emergency Room Technician
Sent from my iPhone

