UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/18/2026___
```

EDWARD VERDEJO,

                              Plaintiff,

          -against-

1199 SEIU; LEVY RATNER, PC; CECILIA
CHARLES-JAMES,

                              Defendants.

25-CV-8367 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, and the New York State and City Human Rights Laws. He alleges that Defendant discriminated against him based on his sex and sexual orientation. By order dated March 13, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

**A.     Defendants Cecilia Charles-James and Levy Ratner, PC Are Dismissed**

Title VII does not provide for individual liability. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995).  An individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable," however, under the New York State Human Rights Law.  *Id.*; *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004).

Plaintiff names Cecilia Charles-James from 1199 SEIU's staff support unit in the caption of the complaint but there are no factual allegations in the body of the complaint about what Charles-James did or failed to do.  Plaintiff has not alleged facts showing that Defendant Charles-James participated in conduct giving rise to the discrimination claim, and thus the complaint does not state a claim on which relief may be granted against her under the New York State Human Rights Law.

Plaintiff also does not plead any facts about Defendant Levy Ratner, P.C., which is named in the caption of the complaint and listed on the notice of right to sue as counsel for 1199 SEIU. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8.  Plaintiff has not made a short and plain statement showing that he is entitled to relief from Defendants Levy Ratner, P.C. and Charles-James.  The Court therefore dismisses these Defendants for Plaintiff's failure to state a claim on which relief may be granted, without prejudice to Plaintiff's repleading these claims in any amended complaint that he may file, consistent with Federal Rules of Civil Procedure 15.

**B.      Service on Defendant 1199 SEIU**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant 1199 SEIU through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claims against Cecilia Charles-James and Levy Ratner, P.C., for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue a summons for Defendant 1199 SEIU, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   March 18, 2026
         New York, New York

_____
MARGARET M. GARNETT
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.  1199 SEIU
    498 Seventh Avenue
    New York, NY 10018